**In the Interest of Rachel Marie CIRCONE and Angela Rene Circone, Children.**

**No. 06–03–00050–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 1, 2003.

Decided Dec. 3, 2003.

James S. Healey, Houston, for appellant.

Shawn Casey, Shawn Casey & Associates, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Lori Circone has appealed from an order rendered pursuant to a mediated settlement agreement modifying possession of the children and directing her to pay child support to her former husband, John Circone.

Lori contends that, during a hearing opposing entry of the mediated settlement agreement, the trial court erred by refusing to allow counsel to question the attorney ad litem about a number of matters concerning his activities in connection with the mediation, that the court erred by failing to require the attorney ad litem to present a fact-finding that the agreement was in the best interests of the children, and that the court erred by concluding a party cannot withdraw consent to a mediated settlement after the requirements of TEX. FAM.CODE ANN. § 153.0071(d) (Vernon 2002) have been met. She also contends the court made erroneous findings that there was no defense to a mediated settlement agreement and by failing to prepare additional findings of fact and conclusions of law on request.

■ There are several procedural anomalies in this proceeding. Findings of fact in connection with a child support order are to be requested "[w]ithout regard to Rules 296 through 299, Texas Rules of Civil Procedure" if the request is filed within ten days after the date of the hearing or in open court. TEX. FAM.CODE ANN. § 154.130(a), (b)(1),(2) (Vernon 2002).[1]

---

1. There is no allegation or indication the support award was outside the percentage guide-

Counsel made no request for findings in open court, and the written request for findings was not filed until March 12, 2003, ninety days after the hearing that resulted in the order on appeal. Even if Rule 296 did apply in this case, it requires such a request to be made within twenty days after the judgment is signed. TEX.R. CIV. P. 296. The order was signed December 13, 2003, the date of the hearing. Thus, under any set of circumstances, the request was untimely.

██ The trial court nevertheless chose to sign a document entitled "COURT'S RESPONSE TO RESPONDENT'S REQUEST FOR FINDINGS OF FACT AND CONCLUSION OF LAW."[2] That document was sent to this Court as part of an appendix to appellant's brief. Attachments to briefs are not part of the record of a case. Thereafter, the trial court sent this Court a file-marked, signed copy of the document. There are specific rules governing the preparation of a clerk's record.[3] They were not followed. The document was not certified by the district clerk and was not bound or labeled. In this particular instance, because it appears the document was sent to this Court from the trial court, and because counsel has not argued it is either incorrect or incomplete, and because, in light of our disposition of this case, the document is not critical, we will treat it as a part of this record. We warn all involved, however, that we will not often give any verity to any "loose" documents from any source presented to this Court without proper certifications, and do so in this instance only because the

document is not of vital importance to our disposition of the appeal.

In that document, the trial court found that the request was improper for a number of reasons, but nevertheless then made (pursuant to TEX.R. CIV. P. 296) "Limited Findings of Fact and Conclusions of Law" in which it found that the mediation was proper and controlling and held that a party cannot avoid rendition based on the mediated settlement agreement by attempting to withdraw consent after the requirements of TEX. FAM.CODE ANN. § 153.0071(d) had been met. The court did not enter any findings pursuant to the Family Code.

██ The contentions raised in this appeal are an attempt to show that the trial court erred in its application of the alternative dispute resolution procedures of the Family Code. The relevant text follows.

Alternate Dispute Resolution Procedures

(a) On written agreement of the parties, the court may refer a suit affecting the parent-child relationship to arbitration. The agreement must state whether the arbitration is binding or nonbinding.

(b) If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a nonjury hearing that the award is not in the best interest of the child. The burden of proof at a hearing under this subsection is on the party seeking to avoid rendition of an order based on the arbitrator's award.

---

lines. *See* TEX. FAM.CODE ANN. § 154.130(a)(3) (Vernon 2002).

**2.** There are cases holding that trial courts retain the authority to enter belated findings even after the expiration of the plenary power of the court. *Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth.,* 876

S.W.2d 940, 959 (Tex.App.-Beaumont 1994, writ denied); *Morrison v. Morrison,* 713 S.W.2d 377, 380–81 (Tex.App.-Dallas 1986, writ dism'd).

**3.** TEX.R.APP. P. Appendix (Order Directing the Form of the Appellate Record in Civil Cases).

(c) On the written agreement of the parties or on the court's own motion, the court may refer a suit affecting the parent-child relationship to mediation.

(d) A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(e) If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

TEX. FAM.CODE ANN. § 153.0071 (Vernon 2002).

Counsel does not take the position that there is any defect in the agreement or that the mediated settlement agreement does not comply with subsection (d). Counsel argues appellant should be able to withdraw her consent to the agreement. To support that position, he argues the court erred by refusing to permit him to introduce evidence about the actions or inaction of the attorney ad litem representing the children. That is not contemplated by the statute. In a binding arbitration context, the Code provides opportunity for a nonjury hearing to show that the award is not in the best interest of the child, and the Code expressly allows the trial court to avoid rendition of an order based on that award. TEX. FAM.CODE ANN. § 153.0071(b).

This is not an arbitration proceeding. It is a mediation that took place pursuant to Section 153.0071(c)-(e). Those subdivisions specifically provide that, so long as the requirements of the statute are met as to the form of the agreement, a party is entitled to judgment notwithstanding TEX.R. CIV. P. 11 or "another rule of law." [4] If those requirements are met, as they are in this case, the Family Code contains no language allowing the trial court to review the mediation and explicitly requires the court to enter judgment based on the mediation agreement.

Two courts have reviewed this statute and have applied the statute as written. The Corpus Christi court held that a trial court is required to enter judgment on a mediated settlement—even when the mediation is not under the direction of the court. *In re J.A.W.–N.*, 94 S.W.3d 119, 121 (Tex.App.-Corpus Christi 2002, no pet.). The Eastland court analyzed a case similar to this one and held that, in a mediated settlement agreement context under this statute, even if one party "withdrew consent," the trial court was required to enter judgment on the agreement. *Alvarez v. Reiser*, 958 S.W.2d 232, 233–34 (Tex.App.-Eastland 1997, pet. denied) (also

---

**4.** This language differs from that which existed in an earlier version of the Family Code, and was analyzed in *Davis v. Wickham*, 917 S.W.2d 414, 416 (Tex.App.-Houston [14th Dist.] 1996, no writ). In that case, the court held that, if the parties reach a settlement through alternative dispute resolution procedures and execute a written agreement pursuant to Rule 11 disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. The Houston court has since recognized that *Davis* did not address mediation agreements meeting the requirements of TEX. FAM.CODE ANN. §§ 6.602, 153.0071 (Vernon 2002), and has concluded that it provides no guidance on the effect of those provisions. *Cayan v. Cayan*, 38 S.W.3d 161 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

containing discussion of change in application due to changes in statutory language).

Under the terms of this statute, the trial court had no authority to go behind the signed agreement of the parties, which explicitly (as required by statute in the alternative) stated in underlined capital letters the agreement was not subject to revocation. The agreement was signed, and the specific term was also initialed by appellant. The statute requires the trial court to render judgment on the mediated agreement. Appellant's arguments might be reviewable on appeal had this been an arbitration proceeding. However, they have no application to this mediation proceeding under the express terms of Tex. Fam.Code Ann. § 153.0071(c)-(e).

We affirm the judgment.