Reversed and Remanded and Memorandum Opinion filed November 3, 2005









Reversed and Remanded and Memorandum Opinion filed November 3,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00891-CV

_______________

 

 

IN THE INTEREST OF N.R.C. AND L.A.C.

 

 

______________________________________________________

 

On Appeal from the 306th District Court

Galveston County, Texas

Trial Court Cause No. 91FD0011

______________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Rachel appeals from an order entered in a suit to modify the
parent-child relationship.[1]  In one issue, Rachel contends the trial court
abused its discretion by entering an order that differs from a mediated
settlement agreement.  We reverse and
remand with instructions that the trial court correct its order.








Background

Rachel and David were divorced in the early 1990=s and appointed joint managing
conservators of their two children.  In
2003, Rachel and David each filed a motion to modify the provisions of a
previous order concerning possession of, and access to, the children.[2]  At a court-ordered mediation, Rachel and
David signed a Amediated settlement agreement@ concerning Rachel=s possession of their daughter.  The agreement outlines a AStep Up Process@ whereby the nature and length of
Rachel=s periods of possession will
gradually increase if her daughter chooses to progress through the various
steps.[3]

On June 1, 2004, David=s attorney appeared before the trial
court for entry of an order based on the mediated settlement agreement, but
Rachel was not present.  David=s attorney presented a proposed order
which was signed by David and his attorney, but was not signed by Rachel.  The trial court signed the proposed
order.  Approximately a month later,
Rachel filed a motion to correct the order contending it differed from the
mediated settlement agreement.  Following
a hearing, the trial court denied Rachel=s motion.

Discussion








In one issue, Rachel contends the trial court abused its
discretion by entering an order that differs from the mediated settlement
agreement.  A trial court may refer a
suit affecting the parent-child relationship to mediation.  Tex.
Fam. Code Ann. ' 153.0071(c)  (Vernon 2002).  A mediated settlement agreement is binding on
the parties if the agreement (1) provides, in a prominently displayed statement
that is in boldfaced type or capital letters or underlined, that the agreement
is not subject to revocation; (2) is signed by each party to the agreement; and
(3) is signed by the party=s attorney, if any, who is present at the time the agreement
is signed.  Tex. Fam. Code Ann. ' 153.0071(d) (Vernon
2002).  If a mediated settlement
agreement complies with section 153.0071(d), a party is entitled to judgment
based on the agreement notwithstanding Rule 11 of the Texas Rules of Civil
Procedure or another rule of law.  Tex. Fam. Code Ann. ' 153.0071(e)
(Vernon 2002); see In
Re Circone, 122 S.W.3d 403, 406 (Tex. App.CTexarkana 2003, no pet.).  The trial court has no authority to enter a
judgment that varies from the terms of a mediated settlement agreement although
the trial court has authority not to enforce terms of a medicated settlement
agreement that are illegal or against public policy.  See Garcia-Udall v. Udall, 141 S.W.3d 323,
331B32 (Tex. App.CDallas 2004, no pet.).

Here, the mediated settlement agreement complies with section
153.0071(d) because it contains a prominently displayed, bold-faced, and
underlined statement that it is not subject to revocation, it was signed by
both Rachel and David, and it is undisputed their attorneys were not present at
the mediation.[4]  See
Tex. Fam. Code Ann. ' 153.0071(d). 
The mediated settlement agreement was filed with the trial court.  Nevertheless, the trial court entered an
order that differs from the mediated settlement agreement with respect to (1)
the location for surrender of the daughter for Rachel=s periods of possession,[5]
(2) the method of notice for Rachel=s periods of possession,[6]
and (3) the terms of alternate dispute resolution.[7]








However, there is no evidence that the relevant terms of the
mediated settlement agreement were illegal or against public policy.  See Udall, 141 S.W.3d at 331B32. 
The record of the hearing on Rachel=s motion to correct reflects that the
trial court refused to correct the order because Rachel had not appeared on
June 1, 2004 for entry of the order.  At
the hearing, the parties disagreed on whether Rachel should have appeared for
entry of the order.[8]  Regardless, section 153.0071 contains no
exception allowing a trial court to enter an order that differs from a mediated
settlement agreement because one party is not present when the order is
entered.  See Tex. Fam. Code Ann. ' 153.0071. 
Consequently, the trial court had no discretion to enter an order that
differs from the mediated settlement agreement.[9]

Accordingly, we sustain Rachel=s sole issue, and we reverse and
remand the trial court=s order with instructions that the trial court correct the
order consistent with this opinion.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed November 3, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

 

 











[1]  Due to the
nature of this case, we refer to the parties by their first names.  See Tex.
Fam. Code Ann. ' 109.002(d) (Vernon 2002).





[2]  Litigation
between Rachel and David regarding the children has been on-going for
years.  Previously, David obtained
termination of Rachel=s parental rights, but we reversed and remanded.  See In Re N.R.C., 94 S.W.3d 799 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  David later non-suited his termination
petition but reurged his motion to modify, and Rachel filed her own
cross-motion to modify.





[3]  Apparently,
Rachel and her daughter have been estranged for some time, and the mediated
settlement agreement is designed to reestablish their relationship.  The parties= son was
about to turn eighteen at that time, so the agreement concerns the daughter
only.





[4]  The agreement
does not reflect whether any attorneys attended the mediation, but Rachel
asserts no attorneys attended the mediation. 
David has not filed a brief, and, thus, does not dispute that assertion.





[5]  The final Astep@outlined in the mediated settlement agreement adopts
the Standard Possession Order, which requires surrender at the parties= residences.  In
contrast, the order requires surrender at a McDonald=s restaurant.





[6]  The mediated
settlement agreement provides that the daughter will notify Rachel whether she
chooses to attend Rachel=s periods of possession, and David will confirm her
choices by fax or certified letter. 
However, the order provides that David will notify Rachel of the
daughter=s choices.





[7]  The mediated
settlement agreement provides that Aif there
is conflict in the exercising of this agreement and the Final Order,@ the parties will first mediate their dispute.  In contrast, the order states that the
parties are not required to mediate disputes concerning enforcement of the
order.





[8]  Rachel
contends she received notice an order would be entered that day, but she did
not know  she needed to appear.  Further, David faxed her the proposed order
after 10:00 p.m. on May 31, 2004; thus, Rachel contends she did not know before
entry the next morning that an order differing from the mediated settlement
agreement would be entered.





[9]  Because David
has not filed a brief, he has not urged any reason the trial court had
discretion to enter an order that differs from the mediated settlement
agreement.