**In the Interest of L.M.M., A Child.**

No. 05–07–00504–CV.

Court of Appeals of Texas, Dallas.

March 19, 2008.

June E. Griffith, McKinney, for Appellant.

Laurence A. DePlaza, Michelle May O'Neil, The May Firm, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

Michelle Wright (Mother) challenges the trial court's judgment based on a mediated settlement agreement (MSA) designating Gary Murtha (Father) as the managing conservator with the exclusive right to determine the primary residence of L.M.M. and giving Father the exclusive right to establish L.M.M.'s primary religious faith. In five issues, Mother contends the judgment is not supported by the pleadings or the evidence, the judgment is an improper consent judgment and does not conform to the MSA, and the judgment violates Mother's and L.M.M.'s rights to freely practice their religion. We affirm.

### Background

L.M.M. was born on August 7, 1998. Mother and Father were not married and, on August 12, 1998, Mother filed a petition to establish the parent-child relationship

between L.M.M. and Father and to obtain the appointment of a managing conservator. On March 12, 1999, the trial court entered judgment establishing the parent-child relationship between Father and L.M.M., naming Father and Mother joint managing conservators, and giving Mother the exclusive right to determine the primary residence of L.M.M.

On June 23, 2006, Father filed a petition to modify, seeking to be named sole managing conservator or, alternatively, to be named the joint managing conservator with the exclusive right to determine the primary residence of L.M.M. The parties subsequently participated in mediation and reached a settlement agreement pursuant to which Father was named the joint managing conservator with the exclusive right to determine the primary residence of L.M.M. and given the exclusive right to determine the primary religious faith of L.M.M. The MSA, signed by Mother and Father and their respective attorneys, was filed with the court on March 29, 2007.

Mother fired the attorney who had represented her through the mediation and hired new counsel. On April 3, 2007, Mother filed a motion for new trial and supplemental motion for new trial, seeking to withdraw her consent to the MSA. On April 13, 2007, the trial court entered a final order incorporating the terms of the MSA.

### Enforceability of MSA

In her first issue, Mother contends the trial court erred in rendering judgment based on the MSA because, after Mother withdrew her consent to the agreement, Father failed to plead and prove an underlying claim for breach of contract. In a related argument, Mother asserts in her second issue that the evidence is legally insufficient to support the trial court's order because a "party seeking enforcement of a written settlement agreement as a contract must support it by proof."

 Section 153.0071 of the family code addresses alternative dispute resolution in suits affecting the parent-child relationship. TEX. FAM.CODE ANN. § 153.0071 (Vernon Supp.2007).[1] Section 153.0071(d) provides:

A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

TEX. FAM.CODE ANN. § 153.0071(d).[2] If the settlement agreement meets the statutory requirements, then a "party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." TEX. FAM.CODE ANN. § 153.0071(e); see also Garcia–Udall v. Udall, 141 S.W.3d 323, 327 (Tex.App.-Dal-

---

**1.** The Texas Legislature amended section 153.0071 during the 2007 legislative session to add subsection (g) pertaining to the confidentiality of alternative dispute resolution procedures. Because the amendment does not affect our analysis, we cite the current version of the statute.

**2.** A trial court may decline to enter a judgment on a mediated settlement agreement if the court finds (1) a party to the agreement was the victim of family violence and that circumstance impaired the party's ability to make decisions, and (2) the agreement is not in the best interest of the child. TEX. FAM.CODE ANN. § 153.0071(e). Appellant has not argued she was the victim of family violence.

las 2004, no pet.). The unilateral withdrawal of consent does not negate the enforceability of a mediated settlement agreement in a suit affecting the parent-child relationship. *In re Circone*, 122 S.W.3d 403, 406–07 (Tex.App.-Texarkana 2003, no pet.); *see Mullins v. Mullins*, 202 S.W.3d 869, 876 (Tex.App.-Dallas 2006, pet. denied) (interpreting identical language in section 6.602 of the family code addressing mediated settlement agreements in divorce action). A separate suit for the enforcement of a contract is not necessary. *In re Calderon*, 96 S.W.3d 711, 718 (Tex.App.-Tyler 2003, orig. proceeding [mand. denied]); *see Boyd v. Boyd*, 67 S.W.3d 398, 402 (Tex.App.-Fort Worth 2002, no pet.) (interpreting identical language in section 6.602 of the family code).

In this case, the MSA stated on the front page that it complied with section 153.0071(d) and, in bold, underlined, all capital letters provided:

> *THE PARTIES ACKNOWLEDGE AND AGREE BY THEIR SIGNATURE HEREIN THAT THIS AGREEMENT IS BINDING AND NOT SUBJECT TO REVOCATION AND IS ENFORCEABLE BY A COURT OF COMPETENT JURISDICTION.*

Both Mother and her attorney signed the agreement. We conclude the MSA meets the statutory requirements of section 153.0071(d) of the family code.[3] Therefore, Father was not required to file a separate breach of contract action in order to enforce the MSA and was not required to present evidence in support of a breach of contract claim.

■ Mother also asserts it is unconstitutional under the Texas and United States Constitutions to conclude the MSA

is irrevocable "for the same reasons that the court expounded in *Cadle* [*Co. v. Castle*, 913 S.W.2d 627 (Tex.App.-Dallas 1995, writ denied)]." Mother did not make this argument in the trial court and may not raise it for the first time on appeal. *In re R.B.*, 225 S.W.3d 798, 801 (Tex.App.-Fort Worth 2007, no pet.).

Therefore, we overrule Mother's first and second issues.

## Withdrawal of Consent and Conformance with MSA

■ In her third and fourth issues, Mother contends the judgment should be reversed because (1) her counsel acted beyond the scope of his authority and against her wishes and Mother withdrew her consent to the MSA, and (2) the judgment does not conform to the MSA, was entered without the approval of Mother's counsel, and constitutes hearsay. In neither issue does Mother present proper argument, citation of authority, or even a jurisprudential framework for evaluation of her contentions. We therefore conclude Mother has waived issues three and four due to inadequate briefing. Tex.R.App. P. 38.1(h) (brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive point of error due to inadequate briefing); *Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452 (Tex.App.-Dallas 2006, pet. denied) (inadequate briefing waives complaint). Accordingly, we overrule issues three and four.

---

**3.** Mother cursorily states in her brief that her consent was not freely given. Mother failed to provide substantive argument on this issue and, therefore, waived any argument the MSA should have been set aside because she did not freely consent. Tex.R.App. P. 38.1(h).

### Violation of Constitutional Right to Practice Religion

■ In her fifth issue, Mother contends the trial court's order is unconstitutional because it gives Father the exclusive right to establish L.M.M.'s primary religious faith. Mother claims L.M.M. has been a practicing Catholic, and the order "strip[s] the mother's and child's right[s] to continue to practice their faith and would require the child to practice the current faith of the father (currently Baptist)" in violation of the constitutions of the United States and the State of Texas.

■ Constitutional rights can be waived. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex.2003). Mother agreed in the MSA that Father would have the exclusive right to determine L.M.M's primary religious faith. Because the MSA met the statutory requirements, the trial court had no discretion but to enter an order incorporating the agreed terms. *Garcia–Udall*, 141 S.W.3d at 332. Therefore, we overrule Mother's fifth issue.

### Motion to Dismiss or for Damages

■ Father filed a motion to dismiss Mother's appeal, asserting the appeal is frivolous and brought in bad faith and requested damages in the amount of attorney's fees incurred by Father in responding to Mother's appeal. We deny Father's motion.

We affirm the trial court's judgment.