

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-302-CV

IN THE INTEREST OF S.A.D.S. A CHILD

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

## I. INTRODUCTION

In this suit affecting the parent-child relationship, Appellant Natalie[1] appeals a certain provision contained in the trial court's order that varies from the mediated settlement agreement between her and Appellee Texas Department of Family and Protective Services. Because we determine that the trial court had no authority to include a provision in its final order that varied from the parties' mediated settlement agreement, we will modify the trial court's order and affirm as modified.

## II. BACKGROUND

---

[1] ... For purposes of maintaining the confidentiality of this appeal, we will refer to the parents and child by fictitious names. *See* Tex. R. App. P. 9.8; Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008).

The Department removed Steven, the subject child of this suit, from Natalie's custody upon his birth based on prior terminations of parental rights involving Natalie and her other children. The Department then sought termination of Natalie's parental rights to Steven. The Department also alleged that Natalie previously used illegal drugs; that she was often homeless; and that she occasionally resided with a sex offender.

After Steven's removal, the Department provided Natalie with a service plan. According to the assigned caseworker, Natalie completed her service plan but failed to demonstrate the ability to provide Steven with a stable living environment—she does not own a home and lives with others. Eventually, the trial court ordered that the case be sent to mediation.

At mediation, the Department and Natalie entered into a mediated settlement agreement whereby Steven's maternal grandfather would be appointed sole managing conservator and Natalie would be appointed possessory conservator. The agreement reads "MEDIATED SETTLEMENT AGREEMENT" across the top of the first page, and it is signed by Natalie, a Department representative, and the attorneys who attended the mediation, including Steven's ad litem. The agreement was filed with the trial court. The agreement states, "The Parties, by their signatures to this agreement, hereby waive their right to have the issues resolved herein tried to the court or to a jury, save and except for any motion for entry of the order of enforcement of this agreement."

2

The mediated settlement agreement covers possession, conservatorship, and child support. On June 18, 2009, the trial court held a hearing for the purpose of entering an order based on the agreement. At the hearing, the Department asked the trial court to sign an order that included a finding that appointing Natalie as managing conservator would not be in Steven's best interest because it would significantly impair Steven's physical health or emotional development. This provision is not found anywhere within the mediated settlement agreement.

The Department alleged that the trial court was required to make the finding pursuant to Texas Family Code section 153.131, which the Department argued is required any time a trial court appoints a non-parent as managing conservator. Tex. Fam. Code Ann. § 153.131 (Vernon 2008). Natalie argued that the agreement was the basis for the order to be entered by the trial court and that, because the agreement did not include this provision, it would be error for the trial court to include it in its order. The trial court overruled Natalie's objection and entered an order containing the Department's requested finding. This appeal followed.

### III. DISCUSSION

In three issues, Natalie argues that the trial court abused its discretion by adding the above-mentioned term; that the judicial findings set forth in Texas Family Code section 153.131 are not required whenever there is a mediated settlement agreement; and that the evidence is insufficient to support the trial court's significant

3

impairment finding. We agree that the trial court erred by including the significant impairment finding in its final order.

Texas Family Code section 153.131(a) states that

> [s]ubject to the prohibition in Section 153.004, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

Tex. Fam. Code Ann. § 153.131(a) (Vernon 2008). This provision provides for the general presumption that a parent be appointed managing conservator in a suit affecting the parent-child relationship unless doing so would significantly impair the child. *Id.* Another Texas Family Code provision, however, applies to mediated settlement agreements.

Section 153.0071 states that a mediated settlement agreement is binding on the parties if (1) it provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation, (2) is signed by each party to the agreement, and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. *Id.* § 153.0071(d) (Vernon Supp. 2009). The statute further provides that, if a mediated settlement agreement meets the requirements of section 153.0071(d), "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 153.0071(e).

4

This court has held that the "notwithstanding" clause contained in Texas Family Code section 6.602(c)—which is identical to section 153.0071(e) but applies to divorce actions rather than child custody lawsuits—means that the requirements of rule 11 and the common law that ordinarily apply to the enforcement of settlement agreements do not apply to mediated settlement agreements in divorce proceedings if the agreements meet the three requirements listed in Section 6.602(b), which is identical to section 153.0071(d). *Id.* §§ 6.602(b),(e); 153.0071(d),(e); *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.). This court has also held that a trial court need not determine the best-interest-of-the-child finding from Texas Family Code 153.007 when issues of conservatorship, possession, and access to children are resolved by a rule 11 agreement. *In re K.N.M.*, No. 02-08-00308-CV, 2009 WL 2196125, at *7 (Tex. App.—Fort Worth July 23, 2009, no pet.) (mem. op.).

The Department argues that this court's decision in *Critz v. Critz* supports its position that 153.131's presumption must be overcome in order for a trial court to appoint a non-parent as joint managing conservator in a suit affecting the parent-child relationship. 297 S.W.3d 464, 471 (Tex. App.—Fort Worth 2009, no pet.) ("The plain wording of the statute makes clear that this presumption applies when a non-parent seeks managing conservatorship in lieu of or in addition to both parents.") But *Critz* is inapplicable to the facts of this case. *Critz* dealt with conservatorship issues tried to the bench, whereas this case involves a mediated

5

settlement agreement that specifies that all parties have "waive[d] their right to have the issues resolved herein tried to the court or to a jury." *Id.* at 468.

The Department further argues that there is no language in section 153.131 that indicates that the parental presumption is inapplicable to the appointment of non-parents as joint managing conservators as long as the parties agree to such an appointment in a mediated settlement agreement. Thus, according to the Department, the trial court was required to make a significant impairment finding in order to issue its order on the mediated settlement agreement. But the lack of language indicating whether the presumption applies is not controlling under the facts of this case. Although section 153.131 states that "unless the court finds . . . significant[] impair[ment to] the child's physical health or emotional development, a parent *shall* be appointed sole managing conservator," (emphasis added) it does not otherwise require a court to enter such a finding when there is a mediated settlement agreement that complies with section 153.0071 where section 153.131's presumption is not met.

While section 153.131 deals generally with conservatorship, section 153.0071(d) deals specifically with mediated settlement agreements. A fundamental principle of statutory construction is that a more specific statute controls over a more general one. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000). Indeed, the government code provides that general and specific provisions should be construed, if possible, to give effect to both, but when they cannot be

6

reconciled, the specific provision should prevail. *See* Tex. Gov. Code Ann. § 311.026 (Vernon 2005); *State v. Alley*, 137 S.W.3d 866, 868 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 158 S.W.3d 485 (Tex. 2005). For example, in *Garcia-Udall v. Udall*, the Dallas Court of Appeals determined that section 153.0071 controlled over section 153.007's requirement that a trial court find that an amicable settlement between parties be in the child's best interest. 141 S.W.3d 323, 331 (Tex. App.—Dallas 2004, no pet.). This is so because section 153.0071 deals specifically with mediated settlement agreements, while section 153.007 deals generally with agreements "'containing provisions for conservatorship and possession of the child.'" *Id.*

Like section 153.007, section 153.131 deals generally with conservatorship in a suit affecting the parent-child relationship. Thus, as long as a mediated settlement agreement complies with section 153.0071, its failure to address the parental presumption or a trial court's finding of significant impairment under section 153.131 does not render it void. Furthermore, as long as a mediated settlement agreement complies with section 153.0071, the trial court must comply with the specific edicts of that section and not the more general section 153.131. Therefore, a trial court does not need to add such a finding to a mediated settlement agreement, and it errs if it does place such a finding contrary to the parties' agreement in an order.

Our conclusion that a mediated settlement agreement that complies with 153.0071, like the mediated settlement agreement in this case, requires a trial court to enter an order in compliance with the agreement without making a significant impairment finding when one is not in the agreement is further supported by analyzing the different provisions found in section 153.0071 itself. Section 153.0071 contains provisions for both arbitrators' awards and mediated settlement agreements. For arbitration, section 153.0071(b) gives the trial court discretion not to enforce the arbitrator's award if "the court determines at a non-jury hearing that the award is not in the best interest of the child." Tex. Fam. Code Ann. § 153.0071(b) (Vernon Supp. 2009). The express provision on mediated settlement agreements, however, contains no express exceptions giving the trial court discretion not to enforce the mediated settlement agreement. *See id.* § 153.0071(c)–(f); *see also Garcia-Udall*, 141 S.W.3d at 330–32 (reasoning that 153.0071's different language regarding arbitration versus mediation supported its holding that trial court lacked authority to enter judgment that varied from terms of a mediated settlement agreement). Additionally, section 153.0071(e-1) addresses when the trial court can decline to enter a judgment on a mediated settlement agreement, and that provision does not apply in this case. *See* Tex. Fam. Code. Ann. § 153.0071(e-1) (Vernon Supp. 2009) (instructing that a court may decline to enforce a mediated settlement agreement when a party to the agreement was a victim of family violence).

8

In this case, the trial court had no authority to enter an order that varied from the terms of the mediated settlement agreement, and we conclude that the trial court erred by doing so. *See In re Circone*, 122 S.W.3d 403, 407 (Tex. App.—Texarkana 2003, no pet.) ("Under the terms of [section 153.0071], the trial court had no authority to go behind the signed agreement of the parties . . . ."). Accordingly, we render judgment that the trial court's order be reformed to reflect the express mediated settlement agreement only. Specifically, we reform the order and delete the provision, "The Court finds that appointment of the parent as Managing Conservator would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development." We resolve Natalie's first and second issues in her favor.

## IV. CONCLUSION

Having resolved Natalie's first two issues in her favor, we need not address her third issue. *See* Tex. R. App. P. 47.1. We modify the trial court's order and affirm the order as modified.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED: August 12, 2010

9