

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00313-CV

---

MARCY CLARE CAMPBELL                                    APPELLANT

V.

JAMES KEVIN CAMPBELL                                    APPELLEE

----------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Marcy Clare Campbell appeals from the trial court's May 3, 2012 judgment granting a divorce from her husband, Appellee James Kevin Campbell (Kevin), and providing orders for the conservatorship, possession, access, and support of the couple's two minor children. In two issues, Marcy contends that the trial court abused its discretion by failing to ensure that a reporter's record was taken of the hearing on Kevin's motion to sign the final judgment and by

---

[1]*See* Tex. R. App. P. 47.4.

ordering a property division that was not just and right because no evidence supported the property division. Because we hold that Marcy waived the making of a reporter's record of the hearing on Kevin's motion to sign and that the trial court did not abuse its discretion by enforcing the parties' mediated settlement agreement (MSA) but did err by stating in the judgment that the property division was just and right, we modify the judgment to delete the "just and right" finding and affirm the trial court's judgment as modified.

In her first issue, Marcy contends that we should reverse the trial court's judgment because no reporter's record was made of the hearing on Kevin's motion to sign the decree, and she did not agree to waive the hearing. While it is true that Marcy did not personally waive the reporter's record at the hearing because she was absent, the record indicates that her trial counsel was present at the hearing: he affixed his signature to the bottom of the decree to indicate that he approved the decree as to its form. There is no evidence in the clerk's record that Marcy's trial counsel requested that a reporter's record be made or objected to the failure to record the proceedings. Further, the trial court's judgment states, "The making of a record of testimony was waived by the parties with the consent of the Court."

A party "may waive the making of a record by express written agreement or by failing to object to the lack of a record during the hearing."[2] Accordingly, we

---

[2]*In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied).

hold that Marcy waived the reporter's record; the trial court therefore did not err by failing to ensure that a reporter's record was taken of the hearing. We overrule her first issue.

In her second issue, Marcy contends that there is no evidence that the property division is a just and right division of the parties' marital property when the MSA, which was not admitted into evidence, is excluded from consideration. Marcy raises no challenge to any specific award in the property division portion of the judgment. She also does not challenge the validity of the MSA or contend that the property division conflicts with it.

The final judgment in this case states that the trial court

> finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The [c]ourt approves the agreement of the parties as contained in this Agreed Decree of Divorce.

The decree does not bear the signature of Marcy or that of her trial counsel agreeing to the substance of the decree; it is therefore not an agreed decree.[3]

But the clerk's record does contain the parties' MSA, in which they agreed "to the entry of a final judgment that incorporate[d] the terms of" the MSA. The MSA was signed by the parties and their trial counsel on March 2, 2012. It appears in the record independently and as an attachment to Kevin's motion to

---

[3]*See In re T.G.-S.L.*, No. 02-12-00391-CV, 2013 WL 43738, at *1 (Tex. App.—Fort Worth Jan. 4, 2013, no pet.) (mem. op.).

sign. The record contains no objection to the trial court's consideration of the MSA.[4]

Further, section 6.602(c) of the family code provides that "[i]f a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement *notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law*."[5] In fact, "[t]he express provision on mediated settlement agreements . . . contains no express exceptions giving the trial court discretion not to enforce the" MSA.[6] Marcy does not challenge the validity of the MSA. We therefore hold that the controlling statute required the trial court to judicially notice the MSA and to enforce it regardless of its formal admission into evidence.

But Marcy's complaint that the trial court had no basis upon which to determine that the division of the marital estate was just and right has some merit; it just does not warrant the remedy she seeks. As the Supreme Court of Texas has pointed out, "[T]he trial court is not required to determine if the

---

[4]*See Spradley v. Spradley*, No. 03-13-00745-CV, 2014 WL 1279658, at *2 & nn. 7–8 (Tex. App.—Austin Mar. 26, 2014, no pet. h.) (mem. op.) (holding that wife failed to object to trial court's consideration of MSA as evidence in support of husband's arbitration motion).

[5]Tex. Fam. Code Ann. § 6.602(c) (West 2006) (emphasis added).

[6]*In re S.A.D.S.*, 413 S.W.3d 434, 438–39 (Tex. App.—Fort Worth 2010, no pet.) (analyzing the companion provision, found in section 153.0071(e) of the family code, that governs MSAs in suits affecting the parent-child relationship).

property division is 'just and right' before approving an MSA."[7]  We therefore hold that this statement in the decree:  "The Court finds that the following is a just and right division of the parties' marital estate having due regard for the rights of each party," is erroneous, and we modify the decree to delete that statement.[8]  To that small extent, we sustain Marcy's second issue. We overrule the remainder of her second issue.

Having sustained Marcy's second issue in part, we modify the divorce decree to delete the statement that the property division "is a just and right division of the parties' marital estate having due regard for the rights of each party."  Having overruled the remainder of Marcy's two issues, we affirm the trial court's judgment as modified.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  May 15, 2014

---

[7] *Milner v. Milner*, 361 S.W.3d 615, 618 (Tex. 2012).

[8] *See S.A.D.S.*, 413 S.W.3d at 438–39 (deleting the finding "that appointment of the parent as Managing Conservator would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development" when the parties had executed an MSA under section 153.0071 of the family code).

5