

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00025-CV

IN THE INTEREST OF L.B., A.B., AND D.B., CHILDREN

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. 1700136

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

The Department of Family and Protective Services (Department) filed a petition to terminate Mother's and Father's parental rights to their three children, Luke, Ann, and David.[1] As a result of court-ordered mediation, Mother entered into a binding mediated settlement agreement (MSA) with the Department providing that (1) the children's relatives, Judy and Kirby, be appointed joint managing conservators of the children and (2) Mother be appointed possessory conservator of the children with access to supervised visitation. The trial court entered judgment in accordance with the MSA. On appeal, Mother questions whether Judy and Kirby were required to sign the MSA.[2] We find her sole point of error unpreserved.

The MSA was entered pursuant to Section 153.0071 of the Texas Family Code. TEX. FAM. CODE ANN. § 153.0071 (Supp.). As long as it met the requirements of the statute, the Department was "entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *In re K.D.*, 471 S.W.3d 147, 161 (Tex. App.—Texarkana 2015, no pet.) (quoting TEX. FAM. CODE ANN. § 153.0071(e)); *see In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013) (a trial court may not deny a motion to enter judgment on a properly executed MSA even on best interests grounds); *In re Circone*, 122 S.W.3d 403, 406 (Tex. App.—Texarkana 2003, no pet.). Mother argues that the MSA met all the statutory requirements of

---

[1]To protect the confidentiality of the children involved, we refer to all involved parties by fictitious names. *See* TEX. FAM. CODE ANN. § 109.002 (Supp.).

[2]Father is not a party to this appeal.

Section 153.0071, except the requirement that it be "signed by each party to the agreement." TEX. FAM. CODE ANN. § 153.0071(d)(2).

The MSA demonstrates, and Mother does not deny, that it contains her signature and the signatures of her attorney, representatives from the Department, the Department's counsel, the attorney ad litem, and a court-appointed special advocate. However, in a novel argument presented for the first time on appeal, Mother argues that Judy and Kirby were required to sign the document.

We find Mother's argument unpreserved.[3] *See In re S.D.*, No. 05-18-00809-CV, 2018 WL 6427646, at *5 (Tex. App.—Dallas Dec. 7, 2018, pet. denied) (mem. op.) (citing *In re A.C.*, 560 S.W.3d 624, 635 (Tex. 2018) ("We need not, and thus do not, decide what defenses to the MSA's enforcement are available to Mother, if any, because none have ever been asserted.")). In any event, Judy and Kirby did not intervene in the litigation, and the MSA was binding as to Mother. *See* TEX. FAM. CODE ANN. § 153.0071(d), (e). For these reasons, Mother cannot now seek to set aside the MSA because the Department was entitled to judgment in accordance with the provisions of the MSA against her. *See Lee*, 411 S.W.3d at 447; *In re Minix*, 543 S.W.3d 446, 452 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *Circone*, 122 S.W.3d at 406.

---

[3]To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

We overrule Mother's sole point of error and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 9, 2019
Date Decided:       July 11, 2019