

NUMBER 13-21-00386-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

---

IN THE INTEREST OF S.C.S., A CHILD

---

On appeal from the 105th District Court
of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Benavides**

Mother appeals from a final order modifying the parent-child relationship. By four issues that we construe as one, Mother argues that the trial court erred by rendering a final judgment that departed from the terms of the parties' mediated settlement agreement (MSA). We affirm in part and reverse and render in part.

### I.    BACKGROUND

On November 7, 2018, Father filed a petition to modify the parent-child relationship. The parties and their attorneys signed an MSA on March 19, 2019, and filed

it with the court on March 20, 2019. The following provision appeared directly above the parties' signatures in the MSA: "**<u>THIS AGREEMENT IS BINDING AND NOT SUBJECT TO REVOCATION.</u>**" The parties agreed to resolve only some of the pending issues.

One of the terms agreed to by the parties was that "[t]he exchanges will now be at [Mother]'s residence." At that time, Mother lived in Corpus Christi, in Nueces County, and Father lived in Weslaco, in Hidalgo County. The parties also agreed to a geographic restriction that would confine Mother's residence to Bee County, Nueces County, Hidalgo County, "and the counties in[-]between." After mediation, but before the trial court rendered its final judgment, Mother moved to Bee County.

On August 20, 2020, Father filed an amended petition to modify the parent-child relationship, specifically asking that the parties meet halfway between their residences for exchanges of the child. On February 4, 2021, the trial court held a final hearing. At the hearing, counsel for Mother objected to the court considering "anything other than what was reserved in the MSA." Counsel for Father argued that there had been a material and substantial change in circumstances since the mediation that warranted a departure from the terms of the MSA. Specifically, counsel for Father argued that because Mother "was living in Corpus Christi, and then subsequently after mediation . . . she moved to Beeville," the court should order the exchanges of the child take place at a halfway point between the parties' residences.

After this discussion, the court stated:

Hang on. I'm going to tell you what I'm going to do. I'm—I'm not going to change anything in—in the MSA, but if there are some things that were left out or if, like you said, someone's moved [to] a different—out of—out of Corpus into Beeville[,] I can address those or conflicts, but if you[ ]all came

2

up with an agreement in this MSA then that agreement has to be followed and you[ ]all both know that the [c]ourt has to follow that. If there is something I basically need to clear up[,] then that's what I can do today.

However, after hearing further argument on the issue, the court clarified:

I—I understand what you're saying, and I—I don't know if I feel comfortable for the father to be making that big of a trip there and back. So I—I think what he is asking is very reasonable, so I'm going to order that Kingsville is the reasonable drop off and pick up.

The trial court signed its final judgment on September 2, 2021, and ordered that exchanges of the child occur "at the residence of Paternal Grandmother in Kingsville, Texas," which is approximately halfway between the parties' residences.

Mother filed a motion for new trial on September 30, 2021, arguing that the trial court improperly deviated from the terms of the parties' MSA. The court held a hearing on Mother's motion for new trial on November 8, 2021. At the conclusion of the hearing, the trial court stated, "Based on what I've heard, I think, in the best interest of the child, I'm making the right decision, so I'm going to deny this motion for new trial." However, no written order denying Mother's motion for new trial appears in the record, and the motion was therefore overruled by operation of law. *See* TEX. R. CIV. P. 329b(c); *In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding) (per curiam).

This appeal followed. Father has not filed a responsive brief.

## II.  JUDGMENT'S CONFORMITY TO MSA

Mother argues that the trial court erred by entering a judgment whose terms were not in strict compliance with the parties' MSA.

## A.  Applicable Law & Standard of Review

"Texas policy favors 'peaceable resolution of disputes,' especially disputes

3

involving the parent-child relationship." *In re A.C.*, 560 S.W.3d 624, 632 (Tex. 2018) (first citing TEX. CIV. PRAC. & REM. CODE ANN. § 154.002; and then citing *In re Lee*, 411 S.W.3d 445, 449 (Tex. 2013) (orig. proceeding)). In furtherance of that policy, a court "may refer a suit affecting the parent-child relationship to mediation." TEX. FAM. CODE ANN. § 153.0071(c).

An MSA is binding on the parties if the agreement:

(1)     provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2)     is signed by each party to the agreement; and

(3)     is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id.* § 153.0071(d). If an MSA meets the requirements of section 153.0071(d), "a party is entitled to judgment on the mediated settlement agreement," with very narrow exceptions. *See id.* § 153.0071(e). One such narrow exception "allow[s] a court to decline to enter judgment on even a statutorily compliant MSA if a party to the agreement was a victim of family violence, the violence impaired the party's ability to make decisions, *and* the agreement is not in the best interest of the child." *In re Lee*, 411 S.W.3d at 452; *see* TEX. FAM. CODE ANN. § 153.0071(e-1). However, "a trial court may not deny a motion to enter judgment on a properly executed MSA under section 153.0071 based on a broad best interest inquiry." *In re Lee*, 411 S.W.3d at 457–58. In other words, a trial court may not decline to enter judgment on a statutorily compliant MSA merely because it believes the terms of the MSA are not in the best interest of the child. *See id.*; *In re Harrison*, 557 S.W.3d 99, 138 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). "Whether a mediated

4

settlement agreement complies with statutory requirements is a question of law, which we review de novo." *In re A.D.B.*, 640 S.W.3d 604, 610 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (quoting *Betts v. Betts*, No. 14-11-00267-CV, 2012 WL 2803750, at *2 (Tex. App.—Houston [14th Dist.] July 10, 2012, pet. denied) (mem. op.)).

"A final judgment rendered pursuant to an MSA must be in strict or literal compliance with that agreement." *In re M.E.H.*, 631 S.W.3d 244, 256 (Tex. App.—Houston [14th Dist.] 2020, no pet.). However, "in entering judgment on an MSA, trial courts may include terms necessary to effectuate and implement the parties' agreement so long as they do not substantively alter it." *In re Lee*, 411 S.W.3d at 458 n.17 (cleaned up) (quoting *Haynes v. Haynes*, 180 S.W.3d 927, 930 (Tex. App.—Dallas 2006, no pet.)). We review whether a trial court's judgment conformed to the terms of a compliant MSA for an abuse of discretion. *See Garcia-Udall v. Udall*, 141 S.W.3d 323, 332 (Tex. App.—Dallas 2004, no pet.); *see also In re A.A.M.*, No. 05-18-01314-CV, 2020 WL 477109, at *3 (Tex. App.—Dallas Jan. 29, 2020, no pet.) (mem. op.).

## B.   Analysis

Mother's complaint on appeal boils down to one specific provision in the final judgment that varies from the MSA. Specifically, Mother asks this Court to "render judgment in compliance with the MSA and order the exchanges of the child to occur at [Mother's] residence and otherwise affirm the remaining portion[s] of the judgment."

Father did not argue at trial that the MSA did not comply with the terms of section 153.0071(d).[1] Instead, Father argued that the trial court could depart from the terms of

---

[1] The MSA in question (1) provided, in a prominently displayed statement that was in boldfaced

5

the MSA because: (1) Mother had moved since the date of mediation and therefore a material and substantial change in circumstances had occurred, and (2) the trial court ultimately had discretion to render an order that was in the best interest of the child, notwithstanding a statutorily compliant MSA. We will address these arguments in turn.

First, although the MSA was filed into the papers of this case in March of 2019, no temporary order was entered that incorporated the terms of the MSA. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (per curiam) ("[J]udgment on an MSA is not automatic."). A court may modify an *order* if there has been a material and substantial change in circumstances since the signing of "a mediated or collaborative law settlement agreement on which the order is based." *See* TEX. FAM. CODE ANN. § 156.101(a)(1)(B). But here, at the time of the final hearing, there was no order, temporary or otherwise, that incorporated the terms of the MSA. *Cf. Martinez Jardon v. Pfister*, 593 S.W.3d 810, 822–23 (Tex. App.—El Paso 2019, no pet.) (holding that trial court did not err by departing from the terms of the parties' MSA in its final judgment after (1) it incorporated the terms of the MSA into temporary orders, (2) Mother violated the temporary orders, and (3) Father filed a motion to modify the temporary orders based on a material change in circumstances); *In re Harrison*, 557 S.W.3d at 138–39 (holding same where interim orders were entered that incorporated the terms of the parties' MSA and "amended pleadings and a motion to modify the orders based on changed circumstances" were later filed).

---

type, capital letters, and underlined, that the agreement was not subject to revocation, (2) was signed by each party to the agreement, and (3) was signed by each party's attorney. We therefore conclude that the MSA complied with the requirements of section 153.0071(d). *See* TEX. FAM. CODE ANN. § 153.0071(d).

In Father's amended petition to modify the parent-child relationship filed after the parties' mediation, he specified that "[t]he order to be modified is not based on a mediated or collaborative law settlement agreement," and instead, "[t]he order to be modified is entitled Final Decree of Divorce and was rendered on June 29, 2017." Stated differently, in his amended petition filed after mediation, Father was requesting a modification of the parties' original custody orders, not a modification to the terms of the MSA. Because the trial court had not yet rendered judgment on the MSA, any material and substantial change in circumstances since the mediation did not affect the trial court's duty to render judgment on the MSA. *See* TEX. FAM. CODE ANN. §§ 153.0071(e), 156.101(a)(1)(B).

Second, the trial court did not make findings that either party was the victim of family violence or that either party's decision-making ability was impaired as a result of family violence. *See id.* § 153.0071(e-1). "By its plain language, section 153.0071 authorizes a court to refuse to enter judgment on a statutorily compliant MSA on best interest grounds *only* when the court also finds the family violence elements are met." *In re Lee*, 411 S.W.3d at 453. At the final hearing, counsel for Father assured the court that it could deviate from the MSA because:

> Judge, you have a right as per the code and per the statute that I'm reading here you have a right, Judge. This [c]ourt—at the end of the day this [c]ourt can make a determination on facts specific and must be made according to the circumstances of the case at the time that the [c]ourt is hearing the case. So now that you're hearing this case, Your Honor, now you are looking at the fact that mom has now moved an additional hour away which doesn't hinder my client or her. It hinders the child. . . .

Counsel for Father did not specify to which statute she was referring, and based on our review of the applicable law, we do not agree that "the circumstances of the case

7

at the time that the [c]ourt is hearing the case" trump the court's duty to render judgment on a statutorily compliant MSA, absent the relevant family violence findings. *See* TEX. FAM. CODE ANN. § 153.0071; *In re Lee*, 411 S.W.3d at 453; *In re S.A.D.S.*, 413 S.W.3d 434, 438 (Tex. App.—Fort Worth 2010, no pet.). Therefore, even if the terms of the MSA were not in the best interest of the child,[2] the trial court had no discretion to enter a judgment varying from them. *See* TEX. FAM. CODE ANN. § 153.007(e); *In re Lee*, 411 S.W.3d at 452.

We conclude that the final judgment's provision requiring that exchanges of the child occur "at the residence of Paternal Grandmother in Kingsville, Texas" "significantly alters" the parties' agreement in the MSA that "exchanges will now be at [Mother]'s residence." *See R.H. v. Smith*, 339 S.W.3d 756, 765 (Tex. App.—Dallas 2011, no pet.) (quoting *Beyers v. Roberts*, 199 S.W.3d 354, 362 (Tex. App.—Houston [1st Dist.] 2006), *abrogated on other grounds by In re Lee*, 411 S.W.3d at 450 n.6.); *see also In re S.G.E.*, No. 05-18-00577-CV, 2019 WL 967336, at *2 (Tex. App.—Dallas Feb. 28, 2019, no pet.) (mem. op.).

We sustain Mother's sole issue on appeal.

### III.    CONCLUSION

We affirm the judgment in part. We reverse and render judgment deleting the portion of the trial court's order that states: "The Respondent, [Mother,] will drop-off and pick-up the child at the residence of Paternal Grandmother in Kingsville, Texas." We insert

---

[2] We note that the child's travel time is the s ame regardless of the exchange location.

8

a provision that instead states: "Exchanges of the child shall now occur at Mother's residence."

GINA M. BENAVIDES
Justice

Delivered and filed on the
30th day of August, 2022.