**Affirmed and Opinion filed September 21, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00571-CV

## IN THE INTEREST OF C.C.E., A CHILD

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-72739**

## O P I N I O N

In this suit affecting the parent-child relationship, the mother challenges the trial court's agreed order rendered on a mediated settlement agreement pursuant to Texas Family Code section 153.0071(e). The mother argues that the trial court erred in enforcing the Mediated Settlement Agreement because (1) it contains a child-support provision that allegedly violates public policy; (2) the mother withdrew her consent to the Mediated Settlement Agreement before the court approved it; and (3) the court did not allow her to present evidence in support of the family-violence exception. Deciding the issues preserved for appellate review, we conclude the mother has not established that the trial court abused its discretion in enforcing the

Mediated Settlement Agreement.  We also conclude the mother could not withdraw her consent to the irrevocable Mediated Settlement Agreement.  We affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

C.C.E. is the child of appellant, the mother, and appellee, the father, who once were husband and wife. Four years after the mother and father divorced, the mother sought changes to the final divorce decree. Specifically, she sought modifications in visitation and child support.

*Mediated Settlement Agreement*

The mother and father attended mediation and ultimately signed an "Irrevocable Mediated Settlement Agreement" in which they agreed to various terms, including an expanded standard possession order, an injunction against corporal punishment, communication through "Our Family Wizard," changes to the rights and duties in making legal decisions, passport provisions, telephone access, and designating the child's elementary school. The Mediated Settlement Agreement (the "Agreement") also contains a provision under which the parties effectively would stand still for a thirteen-month period when it came to child-support increases. This standstill provision states: "No child support increase shall be sought until December 2016" ("Standstill Provision").

The parties and their attorneys signed the Agreement and filed it with the district court.  The face of the Agreement states in all capital letters: "THIS AGREEMENT IS A FULL AND FINAL SETTLEMENT ON ALL ISSUES AND IS BINDING ON THE PARTIES AND NOT SUBJECT TO REVOCATION." The Agreement further provides:

5.      This agreement is signed voluntarily and on the date set out

2

below, and, subject to the Court's approval, its provisions are intended to be incorporated into a final order in this case. This agreement is meant to be a full and final settlement of all claims asserted in this cause of action or which could have been asserted herein.

The mother then filed an "Agreed Motion to Modify Parent-Child Relationship," along with a proposed agreed order. Both parties signed the proposed agreed order, approving and consenting to the order as to both form and substance. In the order the parties agreed and the trial court found that the modifications were in the best interest of the child. With regard to child support, the agreed order states: "neither party shall file for a modification of child support prior to December 1, 2016."

*Mother's Attempted Revocation of Consent to the Agreement*

Two and a half months after filing the Agreed Motion to Modify and the proposed agreed order and before the trial court ruled on the motion, the mother sought to revoke her consent to the Agreement.[1] After a hearing, the trial court signed the agreed order. There is no reporter's record from the hearing.

*Trial Court's Order on the Agreement*

The trial court issued findings of fact and conclusions of law, which the mother has not challenged on appeal. The trial court found the following pertinent facts:

- The Agreement was properly executed by the parties and their

---

[1] The mother attached to her brief in this court a copy of an instrument entitled "Motion to Set Aside Void Mediated Settlement Agreement," file-stamped May 2, 2016, but that motion is not included in the record on appeal. With limited exceptions not relevant to this item, an appellate court may not consider matters outside the appellate record. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *overruled on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Therefore, we do not consider this motion. *Id.*

attorneys;

- The Agreement satisfies each of the requirements of section 153.0071(d) of the Texas Family Code, and each party is entitled to judgment based on the Agreement;

- The mother's claim of domestic violence that occurred significantly in the past, predates not only her filing of the Agreed Motion to Modify, but also predates the rendition of the prior order; and

- There was no allegation that domestic violence occurred at any time pertinent to or during the suit, or at or near the time of the mediation, and in fact, the mother alleged that the incident occurred more than 4 years prior to the mediation.

The trial court then concluded as a matter of law that the mother's domestic-violence claim was insufficient to justify setting aside the Agreement. With regard to the child-support provision, the trial court found:

- "The court can make no further findings of fact with regard to the agreed upon child support amount because of the confidentiality of the mediation process as well as the requirement that the court simply render judgment based on the Mediated Settlement Agreement." and

- "Neither party presented evidence nor complied with the Texas Family Code requirements regarding the tender of information to the court for the purposes of the court making the requested findings because the amount of child support WAS AGREED TO IN MEDIATION."

*Denial of Mother's Motion for New Trial*

The mother timely filed a motion for new trial in which she argued that (1) the Agreed Order was based on a mediated settlement agreement that the trial court should not have accepted and the Agreement was "void on its face because it restricts the parties['] right to seek changes in child support;" (2) the Agreement contains language making it subject to the court's approval and thus the mother could withdraw her consent before the court signed the order; and (3) the Agreement was alleged to have been made due to undue influence caused by prior family violence

and she was not able to present evidence on the family-violence allegations. The motion for new trial was overruled by operation of law, and the mother filed this appeal.

## II. ISSUES AND ANALYSIS

In four issues, the mother challenges the trial court's Agreed Order, asserting largely the same grounds as those asserted in her motion for new trial. The mother argues that the Agreement is void because the Standstill Provision is illegal and against public policy, and therefore the trial court had no authority to accept or enforce the Agreement. The mother also maintains that the Agreement's provision that the agreement is "subject to the court's approval" allows her to revoke her consent and that the trial court may not refuse to hear evidence of alleged family violence after the parties have agreed upon a mediated settlement agreement. For the reasons stated below, we overrule the mother's issues and affirm the trial court's judgment.

### A. Mootness Argument

Before addressing the merits of the mother's challenge to the trial court's order, we first must determine whether, as the father alleges, the mother's challenge based on the Standstill Provision is moot because the provision has expired by its own terms.

Appellate courts are not to decide moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This rule is based on constitutional prohibitions against rendering advisory opinions. *See id*; *see also Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions."). A case becomes moot if there ceases to be an actual

5

controversy between the parties at any stage of the litigation. *Jones*, 1 S.W.3d at 86; *see Robinson v. Alief I.S.D.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). If a judgment can have no practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion. *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A case becomes moot if, during the appeal, either of the opposing sides of the litigation ceases to have a legally cognizable interest in the outcome of the appeal. *See Jones*, 1 S.W.3d at 87. The mother argues that the Standstill Provision is illegal and against public policy, so the entire Agreement is void on its face, and therefore the trial court had no authority to accept or enforce the Agreement. The mother does not argue that the Standstill Provision may be severed from the rest of the Agreement so that the Agreement's other terms may be enforced.

We conclude that an actual controversy still exists between the parties to this appeal and that each of them still has a legally cognizable interest in the outcome of the appeal. *See id.* at 86–88. If the mother's argument is correct, the entire Agreement is void, and the trial court erred in enforcing it, even though the Standstill Provision no longer prevents any party from seeking an increase in child support. If the mother's argument is not correct, then the entire Agreement is not void and the Standstill Provision does not provide a basis for concluding that the trial court erred in enforcing the Agreement, and issuing its final order. Thus, we conclude that the mother's appellate complaint based on the Standstill Provision is not moot. *See id.*

## B. Merits of the Mother's Complaint Based on the Standstill Provision

Having determined the mother's complaint based on the Standstill Provision is not moot, we now consider the merits of that complaint. We review a trial court's decision to render judgment on a mediated settlement agreement under section

6

153.0071(e) of the Texas Family Code for an abuse of discretion. *See In re Lee*, 411 S.W.3d 445, 458-59 (Tex. 2013); *Scruggs v. Linn*, 443 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding trial court generally does not have discretion to decline to render judgment on or deviate from a mediated settlement agreement). If a mediated settlement agreement meets the statutory requirements, a party is entitled to judgment on the mediated settlement agreement notwithstanding Texas Rule of Civil Procedure 11 "or another rule of law." Tex. Fam. Code Ann. § 153.0071(e);[2] *Scruggs*, 443 S.W.3d at 378. Under the former statute applicable in this case, unless the elements of the family-violence exception found in section 153.0071(e-1) are met, a trial court generally must render judgment on the statutorily compliant mediated settlement agreement. *See* Act of May 29, 2005, 79th Leg., R.S. ch. 916, §7, 2005 Tex. Gen. Laws 3148, 3150 (amended 2017) (current version at Tex. Fam. Code § 153.0071(e-1)); *Lee*, 411 S.W.3d at 458–59; *Scruggs*, 443 S.W.3d at 378.

Trial courts have broad discretion in determining child-support issues. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). In determining whether the trial court abused its discretion, we consider whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Id.* When the record contains some evidence of a substantial and probative character to support the trial court's ruling, we will not find an abuse of discretion. *See Scruggs*, 443 S.W.3d at 377–78.

---

[2] The legislature enacted amendments to section 153.0071 that are effective September 1, 2017. *See* Act of May 23, 2017, 85th Leg., R.S., ch. 99, § 2, 2017 Tex. Sess. Law Serv. ch. 99, (S.B. 495) (West). The amendments are not retroactive and, in any event, do not affect the issues presented in this appeal. *See id.* (amendments relate to instances involving persons subject to registration for sexual offenses and do not apply to a suit in which a final order was rendered before effective date of the Act).

Though the Supreme Court of Texas has not yet addressed the issue,[3] several courts of appeals, including this court, have held that trial courts are not required, under section 153.0071, to enforce provisions of a mediated settlement agreement that are void because they are against public policy. *See, e.g.*, *In re Lovell-Osburn*, 448 S.W.3d 616, 622 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding); *see also In re Hanson*, No. 12-14-0015-CV, 2015 WL 898731, at *3 (Tex. App.—Tyler, Feb. 27, 2015, orig. proceeding) (collecting cases). Standing on this line of cases, the mother argues that the trial court should not have rendered judgment on the Agreement because the Standstill Provision violates public policy.

We presume, without deciding, that the Standstill Provision is illegal and violates public policy, as the mother asserts. The illegality of the Standstill Provision or its violation of public policy does not mandate the conclusion that the entire Agreement is void or unenforceable, as the mother argues, even though the Agreement lacks a severability provision. *See Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 230 (Tex. 2014); *Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 217–18 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (en banc); *see also Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 565 (Tex. 2006) (noting that finding of unconscionability as to one provision does not render entire agreement unenforceable). Generally, if a provision in an agreement is illegal or violates public policy, the provision may be severed if it does not constitute the essential purpose of the agreement. *See Venture Cotton Coop.*, 435 S.W.3d at 230; *Ross*, 296 S.W.3d at 217–18. Severability is determined by the intent of the parties as evidenced by the language in the contract. *Ross,* 296 S.W.3d at 218. The issue is whether the parties

---

[3] *See In re Lee*, 411 S.W.3d at 455, n.10 (majority opinion); 411 S.W.3d at 464 n.9 (Guzman, J., concurring) ("[t]hough we have yet to decide the issue, our courts of appeals have observed that [mediated settlement agreements] are contracts and courts may not enforce them if they are illegal.").

8

would have entered into the agreement absent the provision at issue; so, to decide the severability issue in the absence of a severability clause, the court must determine the central and essential purpose of the agreement. *See Venture Cotton Coop.*, 435 S.W.3d at 230; *Ross*, 296 S.W.3d at 218. Under these authorities, the mother's argument based on the Standstill Provision lacks merit because even if the Standstill Provision were illegal and against public policy, that, by itself, would not make the entire Agreement void on its face. *See Venture Cotton Cooperative*, 435 S.W.3d at 230; *Ross*, 296 S.W.3d at 217-18.

The mother does not assert on appeal that the Standstill Provision cannot be severed so that the remainder of the Agreement is enforceable even if the Standstill Provision is not. Presuming for the sake of argument that the mother assigned error as to this point on appeal, we conclude that the mother waived this argument by failing to adequately brief it. *See* Tex. R. App. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that, even though courts interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of the parties' argument). We thus overrule the mother's first and second appellate issues.[4]

## C. Irrevocability of the Agreement

In her third issue, the mother contends that she could withdraw her consent to the Agreement before the trial court rendered the Agreed Order because the parties stated in the Agreement that, "subject to the Court's approval," the parties intended the Agreement's provisions to be incorporated into a final order in the trial court.

---

[4] In the argument section of her appellate brief, the mother characterizes her issues differently than she does in the "issues presented" section of her brief. We refer to the issues as listed in the "issues presented" section.

9

The mother asserts that, in this provision, the parties' "contracted away" their right to judgment under section 153.0071 without court approval. We again disagree.

Generally speaking, a party may revoke consent to an agreed judgment based on a settlement agreement before the court renders judgment on the agreement, but the Texas Legislature has carved out an exception for mediated settlement agreements. *Milner v. Milner*, 361 S.W.3d 615, 618 n.2 (Tex. 2012) (discussing Texas Family Code § 6.602, which contains language identical to the language in Texas Family Code § 153.0071(d)). If a party attends mediation and enters into a mediated settlement agreement that complies with section 153.0071(d), the party may not later revoke consent.[5] *See In re M.A.H.*, 365 S.W.3d 814, 819 n.4 (Tex. App.—Dallas 2012, no pet.) (noting difference between unmediated settlement agreements, which are subject to revocation of consent, and mediated agreements satisfying elements of section 153.0071(d), which are not).

In *Zimmerman v. Zimmerman*, the San Antonio court of appeals addressed language nearly identical to the "subject to the court's approval" text in today's case. No. 04-04-00347-CV, 2005 WL 1812613, at *1 (Tex. App.—San Antonio Aug. 3, 2005, pet. denied) (mem. op.). The language in the mediated settlement agreement in *Zimmerman* stated:

> 5. This stipulation is signed voluntarily and with the advice and consent of counsel on the dates set out below and subject to the court's approval, and its provisions are intended to be incorporated into a final decree of divorce.

---

[5] The requirements of section 153.0071(d) are that "the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." Tex. Fam. Code Ann. § 153.0071(d).

*Id.*

Like the mother, the appellant in *Zimmerman* sought to revoke his consent to the agreement. *Id.* Noting that the mediated settlement agreement complied in all respects with section 153.0071(d), the court of appeals concluded that the trial court properly rendered judgment on the mediated settlement agreement notwithstanding the appellant's attempt to revoke his consent. *Id.*; *see also In re Circone*, 122 S.W.3d 403, 406 (Tex. App.—Texarkana 2003, no pet.) (trial court properly rendered judgment on mediated settlement agreement that complied with section 153.0071(d) notwithstanding party's attempt to revoke consent).

The "subject to the Court's approval" language makes the Agreement no less binding. The agreement expressly states that it is irrevocable and satisfies all elements of section 153.0071(d). Tex. Fam. Code Ann. § 153.0071(e). As such, the mother could not revoke her consent to the Agreement. *See Zimmerman*, 2005 WL 1812613, at *1; *In re Circone*, 122 S.W.3d at 406; *see also Cayan v. Cayan*, 38 S.W.3d 161, 165 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding same regarding agreement executed under section 6.602 of the Texas Family Code). We thus overrule the mother's third issue.

**D.     Trial Court's Alleged Refusal to Hear Evidence on the Family-Violence Exception**

The mother argues in her fourth issue that the trial court should have given her the opportunity to present evidence of the family-violence exception to section 153.0071(e). *See* Act of May 29, 2005, 79th Leg., R.S. ch. 916, §7 (amended 2017). The mother, however, does not point to any place in the record where the trial court denied her the opportunity to present such evidence or where she complained that she did not have the opportunity to present evidence.

Section 153.0071(e-1)  provides a narrow exception to subsection (e)'s

11

mandate, and allows the trial court to decline to enter judgment on a mediated settlement agreement when the party to the agreement was a victim of family violence, the violence impaired the party's ability to make decisions, and the agreement is not in the child's best interest. *See* Act of May 29, 2005, 79th Leg., R.S. ch. 916, §7 (amended 2017); *In re Lee*, 411 S.W.3d at 453. A party must preserve error in the trial court as to a complaint that the party did not have an opportunity to present evidence in the trial court. *See* Tex. R. App. P. 33.1(a); *Estate of Veale v. Teledyne Indus.*, 899 S.W.2d 239, 244 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *O'Shea v. Coronado Transmission Co.,* 656 S.W.2d 557, 564 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.). We have no reporter's record in this appeal and no offer of proof or bill of exception. The mother has not cited and we have not found any place in the record showing that (1) she requested an opportunity to present evidence regarding the family-violence exception; (2) she offered evidence regarding the family-violence exception; (3) the trial court denied her an opportunity to present such evidence or excluded it, or (4) she complained that she had no opportunity to present or offer such evidence. We conclude that the mother did not preserve error in the trial court as to her fourth issue. *See* Tex. R. App. P. 33.1(a); *Veale*, 899 S.W.2d at 244; *O'Shea*, 656 S.W.2d at 564. We thus overrule the issue.

### III. CONCLUSION

Presuming for the sake of argument that the Standstill Provision is illegal and violates public policy, as the mother asserts, those facts would not mandate the conclusion that the entire Agreement is void or unenforceable, as the mother argues. The Agreement satisfies all elements of Family Code section 153.0071(d). The "subject to the Court's approval" language in the Agreement does not allow the mother to revoke her consent. The mother failed to preserve error in the trial court

12

as to her complaint that the trial court did not give her the opportunity to present evidence of the family-violence exception to section 153.0071(e). Because the mother has not shown that the trial court erred, we affirm the trial court's order.


/s/    Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.