J. Brett Busby, Justice, Concurring
CONCURRING OPINION
Under the statute enacted by the Legislature, this is a straightforward case. Section 153.0071(d) of the Family Code provides that in a suit affecting the parent-child relationship, a mediated settlement agreement (MSA) meeting certain formal requirements is binding on the parties.[1] With specifically enumerated exceptions not applicable here, a party "is entitled to judgment on" such an agreement "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." Tex. Fam. Code Ann. § 153.0071(e) (West 2014).
The majority opinion, which I join, holds that a trial court may not create a new exception to this statute by refusing to render judgment on a statutorily compliant MSA on the ground that the parties later agreed to set it aside. Civil Rule 11 addresses the enforceability of agreements between attorneys or parties. Thus, by the plain terms of section 153.0071(e), a party is entitled to judgment on an MSA notwithstanding any agreement he or she may have made to the contrary. See In re Lee , 411 S.W.3d 445, 454 (Tex. 2013) (orig. proceeding); In Interest of C.C.E. , 530 S.W.3d 314, 321 (Tex. App.-Houston [14th Dist.] 2017, no pet.). "[W]e take statutes as we find them and refrain from rewriting the Legislature's text." Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n , 518 S.W.3d 318, 326 (Tex. 2017).
Our dissenting colleague contends that principles of equity-including a doctrine not pleaded in the trial court or briefed by any party to this proceeding-allow the parties and the court to override the statute by agreement. I write separately to explain why this approach is incompatible *464 with the statute, principles of equity, the facts of this case, and our adversary system of justice.
According to the dissent, we miss the mark by starting our analysis with the governing law. But that law is precisely the issue raised by Gladys in her mandamus petition, which asks: "Did the district court abuse its discretion and violate the Texas Family Code by refusing to enter judgment on the parties' mediated settlement agreement-an agreement that complies with each of the three requirements in section 153.0071(d) of the Texas Family Code ?" Under our rules, we must "address[ ] every issue raised and necessary to final disposition" of the case. Tex. R. App. P. 47.1. The dissent correctly notes that addressing issues on the merits sometimes is not necessary, such as when there is a jurisdictional defect or an issue was not properly preserved in the trial court. See post , at 457-58. Yet there is no question of jurisdiction here, and it is one of the defensive doctrines on which the dissent relies-not the issue briefed by Gladys-that was not properly preserved.
The dissent posits that equity can also "outrun[ ] statutory compliance." Id. This assertion fails to account for the mandatory nature of the statute at issue. Once the parties have entered into a compliant MSA, the statute requires the trial court to grant a party's motion for judgment even if the parties agreed not to seek such relief. See Tex. Fam. Code Ann. § 153.0071(e). "We generally adhere to the maxim that 'equity follows the law,' which requires equitable doctrines to conform to ... statutory mandates, not the other way around." Fortis Benefits v. Cantu , 234 S.W.3d 642, 648 (Tex. 2007).[2]
Let there be no mistake about the rule the dissent proposes: the trial court is equitably absolved of its statutory obligation to render judgment on a binding MSA when the parties later manifest-by words or conduct-an intent not to be bound by that agreement anymore. If the parties do not seek judgment on the MSA immediately, they run the risk that further proceedings will be viewed as inconsistent with the agreement, and neither of them will be able to complain by mandamus or in an eventual appeal if the trial court declines to render judgment on the agreement.[3] Given the lengths to which the Legislature went to make MSAs binding and (in all but a few defined situations) enforceable, it makes no sense to allow such agreements to be easily cast aside. At bottom, the dissent's position is that equity frees the trial court to violate a statute if the parties agree, even though the statute expressly says that an agreement cannot have such an effect. See post , at 458-59 & n.11. That's not equity-it's a recipe for anarchy.
Even if we could look to equitable doctrines to trump the Legislature's judgment that parties cannot undo binding MSAs by agreement, those doctrines do not support such a result here. The dissent begins its analysis with quasi-estoppel. That doctrine operates as an affirmative defense, so the party seeking to invoke it has the burden *465 of pleading and proof. Malone v. Patel , 397 S.W.3d 658, 681-82 (Tex. App.-Houston [1st Dist.] 2012, pet. denied). So far as our record reveals, Michael did not plead quasi-estoppel, raise it in a response to Gladys's motion for entry of judgment, or mention it as a ground in his motion to set aside the MSA.[4] The parties also do not mention the doctrine of quasi-estoppel in their briefing before this Court. Just as we generally do not reverse a trial court for failing to take an action that a party did not request (see post , at 457-58 & n.7), we should not deny mandamus relief based on a defense that a party did not properly raise.
Were we to raise this non-jurisdictional issue ourselves and develop arguments for or against its application, we would become advocates for a party rather than impartial decisionmakers-a role fundamentally at odds with our adversary system of justice. That system "depends on the parties to frame the issues for decision and assigns to courts the role of neutral arbiter of the matters that the parties present." Ward v. Lamar Univ. , 484 S.W.3d 440, 453 (Tex. App.-Houston [14th Dist.] 2016, no pet.). We should stay in our lane.
The doctrine of invited error, which the parties do address, is inapplicable to the facts of this case. Michael argues that Gladys invited error in two ways: (1) by agreeing that the trial court could set aside the MSA, which counsel testified the court did; and (2) by filing a motion to modify that sought relief inconsistent with the MSA, which the trial court temporarily granted. As the majority opinion explains, the doctrine of invited error does not apply because Gladys does not challenge either of those rulings in her petition. Rather, she challenges the trial court's denial of her subsequent motion for judgment on the MSA.
Our dissenting colleague criticizes our framing of the invited error doctrine as unduly narrow. Although I disagree, I conclude there are further reasons to reject the doctrine's application here. First, an undocumented oral agreement by Gladys's counsel to set aside the MSA is not enforceable. "[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed ... [or] made in open court and entered of record." Tex. R. Civ. P. 11. Here, there is no written agreement to set aside the MSA, and no reporter's record was taken of the hearing in which (according to later testimony by Gladys's counsel) an oral agreement was made. An oral agreement made in open court may also be enforced if it is described in a subsequent judgment or order,[5] but our record likewise contains no order setting aside the MSA. Recognizing that oral agreements by counsel are apt to be misconstrued and beget controversy, Rule 11 bars their enforcement. See Padilla v. LaFrance , 907 S.W.2d 454, 460 (Tex. 1995). Because any oral agreement by *466 Gladys's counsel is not enforceable, it should not be held against Gladys in an invited error analysis.
Second, a motion to modify conservatorship, possession, or access based on a material and substantial change in circumstances is not necessarily inconsistent with the terms of a previous MSA. As this Court recently explained, a trial court does not run afoul of section 153.0071 if it alters the terms of an order incorporating an MSA based on subsequent events that meet the statutory requirements for modification. See Tex. Fam. Code Ann. § 156.101 ; In re Harrison , No. 14-15-00430-CV, --- S.W.3d ----, ----, 2018 WL 894442, at *30 (Tex. App.-Houston [14th Dist.] Feb. 15, 2018, no pet. h.). A modification may be temporary, or it may leave portions of the MSA undisturbed. When circumstances substantially change, we should hesitate to discourage a parent from acting to protect the safety and welfare of a child by forcing that parent to make an all-or-nothing choice between seeking a modification and preserving the bargain struck in the MSA.
In this case, the modification was partial and temporary. Because the modification had ended before Gladys filed her motion for entry of judgment on the MSA, she did not invite the trial court to err in denying that motion. For these additional reasons, I conclude that Gladys is entitled to mandamus relief.

Rivercenter Assocs. v. Rivera , 858 S.W.2d 366, 367 (Tex. 1993).

See id .

Moore v. Rock Creek Oil Corp. , 59 S.W.2d 815, 817 (Tex. Comm'n App. 1933, judgm't adopted).

At the hearing on March 21, 2017, Judge Farr indicated that he had no personal recollection as to what happened at the hearing on June 7, 2016.

See City of Houston v. Clear Creek Basin Auth. , 589 S.W.2d 671, 677 (Tex. 1979).