**AFFIRM; and Opinion Filed October 3, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00171-CV**

**ANGELIA SMITH, KELVIN SMITH AND ALL OCCUPANTS, Appellants**
**V.**
**SNUG OWNER, LLC. D/B/A THE BROOKLYN@9590, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-05552-D**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

In this forcible-detainer case, Angelia Smith, Kelvin Smith and All Occupants

of the premises at issue in this case (Tenants), appearing *pro se*, appeal the county

court at law's judgment awarding possession of the premises to Snug Owner, LLC

d/b/a Booklyn's@9590 (Landlord). On appeal, Tenants assert the trial court erred

in awarding Landlord possession of the premises and in failing to provide Tenants

sufficient time to present their case. We affirm the trial court's judgment. Because

all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P.

47.4.

## BACKGROUND

On or about November 1, 2018, Landlord and Tenants entered into a written lease agreement for an apartment located at 9590 Forest Lane, Dallas, Texas (the Premises), with an initial term commencing on November 1, 2018, and ending on October 31, 2019. The lease, which was introduced into evidence at trial, provided that after the initial term, it would automatically renew on a month-to-month basis unless either party gave 60-days' written notice of termination or intent to move out. The lease provided, in relevant part, that Tenants would be in default if they did not timely pay rent or other amounts they owe. The lease further provided that if Tenants defaulted or held over, Landlord would be entitled to end Tenants' right of occupancy by giving at least a 24-hour written notice to vacate. One of the methods by which notice could be given was by affixing same to the inside of the apartment's main entry door.

Landlord filed an original petition for forcible detainer in the justice court claiming Tenants breached the lease agreement by failing to pay rent. After a bench trial, the justice court awarded Landlord possession of the Premises, rent owing in the sum of $3,420, court costs and attorney's fees and set an appeal bond in the amount of $1,710.[1]

---

[1] Section 24.00511(a) of the Texas Property Code requires the justice court, in a residential eviction suit for nonpayment of rent, to state in the court's judgment the amount of the appeal bond, taking into consideration the money required to be paid into the court registry under Section 24.0053. TEX. PROP. CODE ANN. § 24.0511(a). Section 24.0053 addresses payment of rent during an appeal of an eviction. *Id.* § 24.0053.

Tenants appealed to the county court at law, and that court conducted a trial de novo on February 2, 2022. Tenants were represented by counsel at trial. Landlord presented evidence that Tenants became delinquent in their rent payments in February 2020 and remained delinquent in their payments until Landlord received a payment from the Texas Rent Relief Program on May 28, 2021, in the amount of $11,380,[2] which covered Tenants' rent payment obligations through June 2021. Between July 2021 and February 2, 2022, the date of trial, Tenants did not make any rent payments. Landlord established through testimony of its representative, and a ledger it maintained in connection with Tenants' lease of the Premises, that Tenants owed Landlord $10,387.67 at the time of trial. Landlord also introduced into evidence the Notice of Non-Renewal and the COVID Notice of Possible Eviction that Landlord posted on the inside door of the Premises on October 13, 2021. The Notice of Non-Renewal served as 60 days' notice of non-renewal of the lease pursuant to paragraph 3 of the lease and notified Tenants that the lease would be terminated effective December 12, 2021. The COVID Notice of Possible Eviction, which was mandated at the time by a City of Dallas ordinance, provided Tenants the opportunity to pay delinquent rents incurred while there was a state of disaster because of the COVID-19 pandemic to avoid eviction. The notice indicated that Tenants should discuss the notice with Landlord as soon as possible but no later than

---

[2] Tenants made a payment of $4,553.38 on September 4, 2020. At that time, the balance owed on their account was $7,306 bringing the balance owed as of September 4 to $2,752.62.

–3–

21 days from when they received the notice. The notice further provided that "[I]f you have not responded within 21 days of this notice, Landlord can proceed with a Notice to vacate and file an eviction proceeding to remove the resident from the subject property." Tenants did not respond to the COVID Notice of Possible Eviction and did not otherwise become current on the rent they owed. On November 4, 2021, 22 days after Landlord provided Tenants with the COVID Notice of Possible Eviction, Landlord proceeded with a notice to vacate for non-payment of rent, late fees, and utility bills giving Tenants until 11:59 p.m. on November 7, 2021, to vacate the Premises. Tenants refused to do so.

On cross examination of Landlord's representative, Tenants questioned the legitimacy of various late charges and a fine for playing loud music assessed against them. In addition, Tenants established that after Landlord received the payment from the Texas Rental Relief program in May of 2021, it refused to further participate in a rental relief program on behalf of Tenants[3] and questioned Landlord's ability to increase the amount of rent.

Angelia Smith testified about various problems with the Premises including roach infestation and plumbing issues. She indicated she and her husband made complaints concerning the Premises to the City of Dallas Code Compliance Department. The trial court allowed testimony concerning a report to code

---

[3] Tenants did not present any evidence or authority establishing Landlord was required to participate in such a program.

–4–

compliance noting that it was interested in knowing whether there was potentially a retaliatory event that occurred in this case. Specifically, the court allowed Ms. Smith to discuss whether or not a complaint was filed, what the timeline of the complaint was, whether or not Landlord was asked to comply with a code or whether the complaint was dismissed or still open. Ms. Smith testified she and her husband contacted code compliance on two occasions, specifically in July and November 2021. She understood a fine was imposed against the apartment complex and indicated their complaints were not completely resolved. On cross, Ms. Smith confirmed that Tenants had not paid rent from August 2021 through January 2022. At the conclusion of Ms. Smith's testimony, the trial court asked, "Will the defendant call a second witness?" Tenants' counsel responded, "No. Your Honor. We close. Defendant closes evidence." At the conclusion of trial, the court found in favor of Landlord as to possession and denied its request for attorney's fees and back rent.

On February 14, 2022, the trial court rendered judgment in conformity with its ruling at trial and denied all relief requested by Tenants. The trial court set a supersedeas bond at $1,720 with additional monthly supersedeas bonds to be posted on the first day of each month during the pendency of any appeal, beginning on March 1, 2022, in the amount of $860 (the monthly rental payment amount at the

time of trial).[4]  The trial court further indicated that, "if applicable after an appeal, [Landlord] is entitled to collect from any bond posted the fair market value of the [Premises] pursuant to Texas Property Code and Rules of Appellate Procedure, including, but not limited to, Rule 24.1(d)(3)."  It does not appear from the record before us that any party requested findings of fact and conclusions of law or that the trial court issued same.

## DISCUSSION

Tenants appear to assert the evidence is insufficient to support the trial court's judgment and urge the trial court erred in awarding Landlord possession of the Premises because (1) the trial court did not give them a full and fair opportunity to present all evidence, and (2) Landlord was required to give them 60 days' notice to vacate prior to filing a forcible-detainer action and filed suit 33 days after doing so. Landlord responds asserting Tenants failed to preserve their complaints regarding the time allotted for trial and the adequacy of the notice to vacate for review and that it established a right to possession of the Premises due to non-payment of rent and other charges.

---

[4] A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.  In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.  PROP. § 24.007.

## I.     Preservation of Complaint for Appellate Review

The Rules of Appellate Procedure and the Rules of Evidence require a party to preserve error regarding a complaint that the party did not have an opportunity to present evidence in the trial court. *Kaur–Gardner v. Keane Landscaping, Inc.*, No. 05-17-00230-CV, 2018 WL 2191925, at *2 (Tex. App.—Dallas May 14, 2018, no pet.) (mem. op.). This generally requires the party to make its request or objection in the trial court in a timely, specific manner and obtain a ruling. TEX. R. APP. P. 33.1(a); *In re C.F.M.*, No. 05-16-00285-CV, 2018 WL 1704202, at *3 (Tex. App.—Dallas Apr. 9, 2018, pet. denied) (mem. op.). The request or objection must be asserted at the earliest opportunity or when the potential error becomes apparent. *Kaur–Gardner*, 2018 WL 2191925, at *2.; *see also Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008) ("[T]he cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it."). Moreover, a party claiming error in the exclusion of evidence must make the substance of evidence known to the trial court by offer of proof to preserve claimed error for complaint on appeal. TEX. R. EVID. 103(a)(2).

To the extent Tenants complain about the amount of time they were given to present evidence at trial, they failed to make a request for additional time and did not object to the trial court's allocation of time and obtain a ruling from the trial court. Moreover, Tenants failed to make an offer of proof or even identify at trial

the evidence they would have offered had they been given additional time and, in fact, notified the trial court that they had no additional witnesses and closed evidence. For these reasons, Tenants failed to preserve their complaint regarding the allotted time for our review and failed to create a record that would allow for a merits review of their complaint. *See In re C.C.E.*, 530 S.W.3d 314, 322 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding party failed to preserve error regarding complaint she did not have an opportunity to present evidence where record did not demonstrate that party requested an opportunity, offered evidence that was excluded, or made an offer of proof or bill of exception); *see also C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 594 (Tex. App.—Dallas 2003, no pet.). Accordingly, we resolve this complaint against Tenants.

With respect to Tenants' complaint regarding the adequacy of Landlord's notice to vacate and assertion that the lease required Landlord to give 60 days' notice, we note that Tenants did not challenge the notice they were given below and thus, failed to preserve their complaint on appeal. TEX. R. APP. P. 33.1(a).

Notwithstanding Tenants' failure to preserve their complaint, we note that Tenants' reliance on the lease's 60 days' written notice requirement to urge Landlord could not proceed with a forcible-detainer suit until the expiration of 60 days is misplaced. Landlord sought to evict Tenants due to non-payment of rent and other amounts owed, which is a default under the lease triggering Landlord's right to evict Tenants. Landlord did not seek to evict Tenants due to holding over after the lease

–8–

terminated. Thus, Landlord was not required to wait 60 days before proceeding with a notice to vacate as a predicate to filing its forcible-detainer suit. Landlord was required to provide the COVID Notice of Possible Eviction and to allow Tenants 21 days to respond. Landlord did so. Twenty-two days after it provided that notice, it gave Tenants notice to vacate. When, as here, the occupants are tenants under a written lease agreement, the landlord must give the tenants who default under the lease at least three days' written notice to vacate the premises before the landlord files a forcible-detainer suit *unless* the parties have contracted for a different notice period in a written lease or agreement. TEX. PROP. CODE ANN. § 24.005(a). Tenants' lease provides, in the event of a default, Landlord is to give at least a 24-hour written notice to vacate. Landlord gave Tenants 3 days' written notice to vacate. This notice was greater than that which was required by section 24.005(a), as applicable here, and greater than that which was required by the written lease. Thus, there was no deficiency in the notice Landlord provided to Tenants and Tenants' complaint regarding the notice and the timing of Landlord's forcible-detainer suit lacks merit. We resolve this complaint against Tenants.

## II.    Possession of the Premises

To the extent Tenants challenge the trial court's determination Landlord is entitled to possession of the Premises due to the non-payment of rent, that challenge fails.

If, as here, no findings of fact or conclusions of law were requested or issued after a nonjury trial, then all findings necessary to support the judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). If a reporter's record is filed on appeal, as here, then implied findings are not conclusive and may be challenged for legal and factual sufficiency in the same manner as express findings by a judge or jury. *See id.*; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When considering legal sufficiency, "the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding." *Id.* When factual sufficiency is challenged the trial court's decision may only be set aside if "its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Tempest Broadcasting Co. v. Imlay*, 150 S.W.3d 861, 868 (Tex. App.—Houston [14th Dist.] 2004, no pet.), quoting *In re King's Estate*, 244 S.W.2d 660, 661 (1951)). Under any standard of review, the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 255 n.50 (Tex. 2020).

Landlord presented evidence establishing the balance on Tenants' account at the time of trial was $10,387.67. While Tenants called into question some of the charges on their account, they did not present any evidence establishing they were current on their payment obligations under the lease and conceded that they had not made rent payments for at least 6 months preceding trial. Accordingly, there is more

than a scintilla of evidence to support an implied finding Tenants were delinquent in their rent and other amounts they owed. *See BMC Software*, 83 S.W.3d at 795. We further conclude the trial court's ruling with respect to possession is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Tempest Broadcasting*, 150 S.W.3d at 868.

We overrule Tenants' issues.

## III.   Supersedes Bond

Landlord requests that this Court award it the full amount held by the trial court in the registry of the court as a supersedes bond. It appears from the record that Tenants made cash deposits in lieu of supersedeas bond. Because the judgment being superseded was for possession of real property, and because the cash deposit in lieu of supersedeas bond must "adequately protect the judgment creditor against any loss or damage occasioned by the appeal," *see Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no pet.), Landlord is entitled to recover from the cash deposit the "value of the property's rent or revenue during the pendency of the appeal." TEX. R. APP. P. 24.1(d)(3). We therefore order the trial court to determine the amount of rent, damages, and costs accrued during the pendency of the appeal and direct the district clerk to release such amount to Landlord from the cash deposit in lieu of cost bond. After the rent, damages, and all costs have been paid, the district court is directed to release the balance, if any, of the cash deposit to Tenants.

–11–

**CONCLUSION**

We affirm the trial court's judgment awarding possession of the Premises to Landlord.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

220171F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGELIA SMITH, KELVIN SMITH AND ALL OCC, Appellants

No. 05-22-00171-CV     V.

SNUG OWNER, LLC D/B/A THE BROOKLYN@9590, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-21-05552-D.
Opinion delivered by Justice Kennedy. Justices Carlyle and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SNUG OWNER, LLC D/B/A THE BROOKLYN@9590 recover its costs of this appeal from appellant ANGELIA SMITH AND KELVIN SMITH.

It is **ORDERED** that the trial court determine the amount of rent, damages, and costs accrued during the pendency of the appeal and the clerk of the district court is directed to release such amount to SNUG OWNER, LLC D/B/A/ THE BROOKLYN@9590 from the cash deposit in lieu of cost bond. After the rent, damages and all costs have been paid, the clerk of the district court is directed to release the balance, if any, of the cash deposit to ANGELIA SMITH AND KELVIN SMITH.

Judgment entered this 3rd day of October 2023.