**Affirmed and Memorandum Opinion filed May 14, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00683-CV

---

**LIBNY  DIRK  PINEDA, Appellant**

**V.**

**CHRISTINA PINEDA, Appellee**

---

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2019-53263**

---

# MEMORANDUM OPINION

An ex-husband appeals a divorce decree complaining that the trial court abused its discretion in ordering him to make an equalization payment, allegedly resulting in a division of community property that was punitive and not just and right. Because no party requested, and the trial court did not make, findings of fact and conclusions of law, we are unable to determine whether the trial court erred as appellant claims. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/petitioner/counter-respondent Christina Pineda and appellant/respondent/counter-petitioner Libny Dirk Pineda were married and had three children. Christina filed a divorce petition and Libny filed a counter-petition. The case was called to trial, and a jury trial proceeded on one issue regarding conservatorship. After the jury returned its verdict, the trial court conducted a bench trial on the remaining issues. The trial court did not announce a decree at the end of the bench trial, but shortly thereafter the trial court put a lengthy "rendition" on the trial court's docket sheet that allegedly is the same as a rendition contained in an email sent by the trial court to counsel for Christina and Libny. Two months later, the trial court signed a final divorce decree (the "Decree"). In the Decree, the trial court ordered Libny to pay Christina $50,000 as an "equalization payment" (the "Money Judgment"). Libny timely perfected this appeal from the Decree.[1]

## II. ISSUES AND ANALYSIS

Acting pro se on appeal,[2] Libny asserts a single issue:

> The trial court erred in awarding [the Money Judgment] in favor of Christina and against Libny, resulting in a property division with a

---

[1] Within thirty days after the trial court signed the Decree, Libny filed three motions, each of which is entitled, "Motion For Mistrial Due to Errors." This court gives effect to the substance of these motions, rather than their form or title. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). The substance of each of these motions is a motion for new trial. These timely filed motions for new trial extended Libny's deadline to file his notice of appeal to ninety days after the date on which the trial court signed the Decree. *See* Tex. R. App. P. 26.1(a). Libny complied with this deadline.

[2] Though Libny was represented by counsel at trial, after trial in the trial court and in this appeal, Libny has acted pro se. We liberally construe briefs and other filings submitted by pro se parties, and we hold pro se litigants to the same standards as licensed attorneys, requiring them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Rogers v. City of Houston*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

significant disparity and that gave Libny a negative award of the community estate. The [Money Judgment] resulted in a division that was punitive and therefore not just and right. It should be reversed and the case remanded for a new division of the estate.

Libny asserts that the trial court reversibly erred in awarding Christina the Money Judgment because the judgment was not necessary to "equalize" the division of the community property as the trial court indicated, especially given that the trial court determined there was insufficient evidence of fraud by Libny. Libny contends that instead of equalizing the division, the trial court effectively awarded Libny 0% of the community property. Therefore, Libny argues that the Money Judgment was not part of a "just and right" division of the community property. *See* Tex. Fam. Code Ann. § 7.001 (West, Westlaw through 2023 4th C.S.). Instead, Libny alleges that the Money Judgment was a punitive measure designed by the trial court to punish Libny for exercising his constitutional right to a jury trial, based on inadmissible evidence regarding settlement offers at mediation. Libny claims that the trial court found that the Money Judgment should be rendered against Libny because of (1) evidence of confidential and inadmissible settlement offers at mediation, and (2) Libny's choice to exercise his constitutional right to try the case to a jury. Libny asserts that the trial court abused its discretion by not making a just and right division of the community property, as required by section 7.001 of the Family Code. *See id.*

The Family Code provides: "In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, *on request by a party*, the court shall state in writing its findings of fact and conclusions of law, including the characterization and *value of all assets, liabilities, claims, and offsets* on which disputed evidence has been presented." Tex. Fam. Code Ann. § 6.711(a) (West, Westlaw through 2023 4th C.S.) (emphasis added). No party requested findings of fact and conclusions of law, and the trial court did not issue any. Libny

appears to rely on alleged findings of fact contained in the trial court's rendition that was made on the court's docket sheet. In the rendition made on the docket sheet the trial court states a value for Vepic Energy & Resources, a business run by Libny that was community property, but the trial court does not state the value of any other community property.[3] In this rendition the trial court refers to the "Court's Property Division," which the trial court says was filed with the trial court and attached to an email containing the rendition. This "Court's Property Division" is not in our appellate record, nor is any email from the trial court containing this document or the rendition.[4] Nonetheless, we presume for the sake of argument that the trial court emailed a rendition to the parties' counsel that was the same as the rendition contained on the court's docket sheet and that had a document attached to it stating values for each item of community property.

To determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.). Without findings of fact, we do not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Id*. In the absence of such findings, we presume the trial court made all the necessary findings to support its judgment. *Id*. Statements made by the trial court in a rendition or at the bench trial are no substitute for findings of

---

[3] In the Decree, the trial court states a value for a couple of items of community property, but the trial court does not state a value for most items of community property, including Vepic Energy & Resources.

[4] Items 4, 5, 6, and 7 of the appendix attached to Libny's opening brief are not contained in our appellate record. With limited exceptions not relevant to these items, an appellate court may not consider matters outside the appellate record. *In re C.C.E.*, 530 S.W.3d 314, 317, n.1 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Therefore, we do not consider these items. *See id*.

4

fact and conclusions of law, and we may not consider such statements to be findings of fact or conclusions of law. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984); *In re J.C.*, 346 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The trial court did not file, nor did any party request, findings of fact or conclusions of law reflecting the value the court assigned to each asset or liability, the net value of the community property, or the factors considered by the trial court in dividing the marital community property. *See Vasudevan*, 2015 WL 4774569, at *4. Although the trial court made statements in its rendition regarding the division of the community property and the values the court assigned to certain assets, these statements are not findings of fact or conclusions of law.[5] *See In re W.E.R.*, 669 S.W.2d at 716; *Vasudevan*, 2015 WL 4774569, at *4; *In re J.C.*, 346 S.W.3d at 193. Any inventory filed by Christina or Libny that assigns values to any items of community property cannot serve as a substitute for findings of fact by the trial court. *See Hubbert v. Hubbert*, No. 01-20-00065-CV, 2021 WL 4780090, at *3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, no pet.) (mem. op.); *Vasudevan*, 2015 WL 4774569, at *4. Consequently, we have no way to determine that the trial court abused its discretion in dividing the community property. *See Hubbert*, 2021 WL 4780090, at *3; *Vasudevan*, 2015 WL 4774569, at *4. The trial court could have considered any number or combination of factors to arrive at the division it

---

[5] In the rendition recited on the docket sheet, the trial court stated that the equalization payment that Libny had to make to Christina "is necessary to effect a just and right division based on the grounds pleaded for a disproportionate division by [Christina] and, specifically, that [Libny] greatly exacerbated the costs of litigation in this matter, including but not limited to declining a settlement offer more favorable than the foregoing result and instead trying his case to a jury who returned a verdict against him within approximately 10 minutes of beginning deliberation." Though Libny challenges this "finding" on appeal, it is not a finding of fact, and the trial court did not include any statement in the Decree as to the reasons for its division of the community property or for ordering Libny to pay the Money Judgment. *See In re W.E.R.*, 669 S.W.2d at 716; *In re J.C.*, 346 S.W.3d at 193.

5

made of the community property. *See id.* Because we do not know what values the trial court assigned to the community property assets or the percentage of the property awarded to each party, we cannot conclude that the trial court abused its discretion in ordering Libny to pay the Money Judgment or in dividing the community property. *See Hubbert*, 2021 WL 4780090, at *3; *Vasudevan*, 2015 WL 4774569, at *4. Accordingly, we overrule Libny's sole issue and affirm the Decree.


/s/    Randy Wilson
Justice

Panel consists of Justices Jewell, Spain, and Wilson.